IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Christopher Foster, | Case No. 3:16 CV 2168 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Lucas County, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff *pro se* Christopher Foster filed this Complaint under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, *et seq.*, claiming disability discrimination, cruel and unusual punishment, retaliation, and conspiracy against: Lucas County; Dr. Dood; Sheriff John Tharp; Captain Firdell; Lieutenant Reed; Sergeants Collins, Mysinger, and Rogers; and Corrections Officers Griesinger, Kemp, Anderson, Diggs, Moore, and Collins. Foster alleges Defendants assaulted him, damaged his personal property, and failed to provide him medical care or appropriate wheelchair accommodations. He seeks monetary damages.

## BACKGROUND

Foster is an Ohio prisoner, previously incarcerated in the Southern Ohio Correctional Facility. He was moved to the Lucas County Correctional Center ("LCCC") in 2015 to stand trial on three counts of harassment with a bodily substance, allegedly for throwing urine and feces at corrections officers and spitting on them. Foster pled guilty to a lesser offense of attempted harassment with a bodily substance.

Foster claims he has been assaulted by corrections officers on more than one occasion since arriving at LCCC. He does not describe what prompted each of these assaults but alleges he has

been pulled from his wheelchair, thrown to the floor, punched, and kicked. Foster states during one incident, he spit in an officer's face after the officer used profanity. He alleges the officer then responded with physical aggression. On another occasion, Foster alleges he was placed in a restraint room, but was later brought to a urinal to relieve himself. He states he threw urine at the corrections officers because he felt disrespected. Foster alleges the officers then responded with excessive force.

Foster further claims he remains in an isolation cell on twenty-four hour lockdown; when he received his personal property at LCCC, he discovered his legal materials were defaced, and his food and hygiene items were missing; and he cannot see outdoors because his cell does not have an exterior window.

Finally, Foster alleges he uses a wheelchair; he has been housed in cells at LCCC that are not fully accessible; his wheelchair was confiscated by an LCCC doctor after a corrections officer reported Foster tried to hit the officer with it (which Foster denies), and the wheelchair has not been returned; and he receives no medical treatment.

This is the second time Foster has filed a lawsuit complaining of these incidents. Two months ago, he filed a substantially similar case, raising the same claims related to the same underlying incidents, and naming many of the same Defendants. *See Foster v. Lucas Cty. Corr. Ctr.* (Case No. 16 CV 2109). That case is currently pending in the Northern District of Ohio before United States District Judge Jeffrey Helmick.

## ANALYSIS

Foster is no stranger to litigation. He filed at least three prior cases in the Southern District of Ohio that were dismissed under 28 U.S.C. § 1915(e). *See, e.g.*, *Foster v. State of Ohio, et al.* (Case No. 14 CV 668); *Foster v. Hamilton Cty., et al.* (Case No. 14 CV 642); *Foster v. City of Cincinnati, et al.* (Case No. 14 CV 617). Thus, this most recent *in forma pauperis* action may be

subject to automatic dismissal under the "three strikes" rule, unless Foster is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *In re Alea*, 286 F.3d 378, 380–81 & n.2 (6th Cir. 2002). Assertions of past harm and conclusory claims of future harm are insufficient to invoke the exception. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Foster makes no allegations "from which [this Court], informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Id.* (first alteration added).

Further, this case is duplicative of the earlier-filed action pending before Judge Helmick. To the extent there are any differences between the two Complaints, Plaintiff's later filing merely adds detail to his allegations and includes several Defendants not previously identified by name. Under these circumstances, the more appropriate course would be to amend the complaint in the first action, if necessary -- not to file a second, nearly identical lawsuit. Thus, dismissal of this case promotes judicial economy, avoids rulings which may tread upon the first court's jurisdiction, and prevents piecemeal resolution of issues that call for a uniform result. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996); *Horton Archery, LLC v. Am. Hunting Innovations*, LLC, 2010 WL 395572, at *2 (N.D. Ohio Jan. 27, 2010) ("The first-to-file rule embodies the well-established principle that '[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.'").

### CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 4) is denied. This action is dismissed without prejudice under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

                                       s/ *Jack Zouhary*
                                       JACK ZOUHARY
                                       U. S. DISTRICT JUDGE

                                       November 17, 2016